# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SHAWN JOHNSON,

    Plaintiff,

v.                                            Case No. 5:19-cv-77-TKW/MJF

SERGEANT BURCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this section 1983 action be dismissed for maliciousness, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because Plaintiff failed to disclose his prior litigation history.[1]

**I.   Background**

Plaintiff, an inmate of the Florida State Prison, commenced this action by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). On April 23, 2019, the undersigned ordered Plaintiff to correct several incomplete answers with respect to his litigation history. (Doc. 9). Plaintiff's complaint stated that Plaintiff was "unsure" about his litigation history. The undersigned, therefore, ordered Plaintiff to research

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

his prior litigation and include a summary of his cases in his amended complaint. (*Id.* at 2). The undersigned instructed the Plaintiff to amend his complaint to, among other things, "provide a <u>full, complete, and honest disclosure</u> of his litigation history." (*Id.* at 3). Plaintiff was advised that, in the event that he did not keep sufficient record of his prior cases, he would need to "contact the relevant court(s) to determine" the details of those cases. (*Id.* at 2). Plaintiff was further advised that failure to comply with that order could result in dismissal. (*Id.* at 5). On May 22, 2019, Plaintiff filed an amended complaint. (Doc. 12).

**II.    Discussion**

    **A.    <u>Screening for Maliciousness</u>**

The Prisoner Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his prior litigation history constitutes abuse of the judicial process warranting dismissal of the case for "maliciousness." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal for maliciousness was warranted when the plaintiff failed to disclose cases he had previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (holding that dismissal for abuse of the judicial process was warranted when and inmate failed to disclose prior cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (holding that dismissal of an action for maliciousness was warranted when the plaintiff failed to disclose existence of a prior case).

**B.     <u>Plaintiff's Omissions</u>**

Section IV of the Northern District of Florida complaint form utilized by Plaintiff required Plaintiff to disclose information regarding prior civil cases he filed in state and federal courts. (Doc. 9 at 5). Question C of Section IV asks, "Have you

initiated other actions (besides those listed above in Question (A) and (B)) in **either state or federal** court that relate to the fact or manner of your incarceration (**including habeas corpus petitions**) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*Id.* at 6). Plaintiff responded "No," thus indicating that he had not initiated other lawsuits in federal or state court relating to his imprisonment or the conditions of his imprisonment. (*Id.*).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**" (*Id.* at 13).

Plaintiff failed to disclose his full case history. Prior to filing his amended complaint on June 20, 2019, Plaintiff had filed the following two civil actions:

(1) *Johnson v. Fla. Dep't of Corr. & Fla. Att'y Gen.*, 1:15-cv-20074-RNS (S.D. Fla. 2015) (habeas corpus petition).

(2) *In re Shawn Johnson*, No. 16-12259 (11th Cir. 2016) (application for leave to file successive petition for habeas corpus).[2]

---

[2] The FDOC inmate number of the petitioner in these cases corresponds to the Plaintiff's inmate number.

A truthful response would have included these two omitted cases. Plaintiff's omissions, therefore, violated his duty of candor to this court.

### C. The Materiality of the Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d at 969.

"Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072. To conserve judicial resources and effectively manage their dockets, court are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable" authority over their own dockets, including

"broad discretion in deciding how best to manage the cases before them"). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner plaintiffs to divulge their record of litigation serves these compelling interests.

Additionally, because prisoner plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiffs' litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff failed to list two civil actions. Plaintiff knew from the complaint form and an order of the undersigned (Doc. 14) that disclosure of *all* prior actions was required. A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill.

1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### D. The Appropriate Sanction

A court's power to dismiss a cause "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983). "[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Thus, an appropriate sanction for Plaintiff's conduct is dismissal without prejudice.[4] *See Wynn v. Postal Svc.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a § 2254 action, noting that the court gave the Plaintiff an

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). A dismissal without prejudice will not preclude the Plaintiff from refiling this action. Generally, the statute of limitations for claims under § 1983 of the type alleged by the Plaintiff is four years. *See Stephenson*, 554 F. App'x 838 ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges that the Defendants' conduct occurred in May 2018. (Doc. 12 at 7). He, therefore, has ample time to file another civil rights action should he be so inclined.

opportunity to amend his complaint to include the omitted cases); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Rivera*, 144 F.3d at 731 (holding that dismissal of an action without prejudice as a sanction for a plaintiff's failure to disclose a prior lawsuit was proper).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose his litigation history would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. A mere admonition also would not deter Plaintiff or others. Furthermore, dismissal without prejudice would serve as a warning to Plaintiff and others that future false responses to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

## III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for maliciousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

2. The clerk of the court enter judgment accordingly and close this case.

At Panama City Beach, Florida, this 19th day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.