UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHAWN JOHNSON,

    Plaintiff,

v.                                Case No. 5:19cv77-TKW-MJF

SERGENT BURCH, et al.,

    Defendants.
_____/

# ORDER

This case is before the Court based on Plaintiff's objections (Doc. 22) to the magistrate judge's Report and Recommendation (Doc. 16). The objections challenge the magistrate judge's finding that Plaintiff failed to disclose his litigation history as required by the civil rights complaint form and as ordered by the magistrate judge. Specifically, the objections argue that (1) Plaintiff did disclose one of the two the cases referenced by the magistrate judge, (2) Plaintiff was told by someone in the prison law library that he was only required to disclose prior lawsuits that were filed "for some form of gain," and (3) Plaintiff should have been held to a lesser standard because he is not represented by a lawyer. The Court has reviewed these arguments de novo as required by Fed. R. Civ. P. 72(b)(3), and rejects them for the reasons that follow.

As to the first argument, it appears that Plaintiff disclosed at least one of his two prior cases in the "previous lawsuit" section of his <u>original</u> complaint;[1] however, he did not disclose these cases—or any others—in the operative <u>amended</u> complaint, Doc. 12. The magistrate judge's order directing Plaintiff to file an amended complant specifically advised Plaintiff that "the amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended pleadings are deemed to have been abandoned." Doc. 9, at 3-4. Thus, the fact that Plaintiff may have disclosed some of his litigation history in his original complaint does not excuse his failure to do so in the amended complaint, nor does it undermine the disposition recommend by the magistrate judge.

As to the second argument, nothing on the civil rights form limits the disclosure of previous lawsuits to only those "for some form of gain." Indeed, the "previous lawsuits" section of the form begins with a clear admonition that the failure to disclose "**ALL** PRIOR CIVIL LAWSUITS" may result in dismissal of the case; section IV.C. of the form asks about federal and state cases "that relate to the

---

[1] The magistate judge identified two prior cases that Plaintiff failed to disclose: a habeas corpus petition in the Southern District of Florida (No. 1:15cv20074-RNS) and an application for leave to file a successive petition for habeas corpus in the Eleventh Circuit (No. 16-12259). *See* Doc. 16, at 4. The original complaint listed the Eleventh Circuit case by its case number, *see* Doc. 1, at 4, and it also listed a case in federal court in Miami that may have been the Southern District case, *id.* (listing the case's approximate filing date as "2013-2014" its approximate dismissal date as "2015-2016").

fact or manner of [Plaintiff's] incarceration"; and section IV.D of the form asks about "any actions" in federal court that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. These provisions are clear and unambiguous and cannot be reasonably construed to be asking only about lawsuits for "some form of gain." The fact that Plaintiff apparently received bad legal advice from someone in the prison law library about the form does not excuse his failure to comply with the disclosure requirements on the form or undermine the disposition recommended by the magistrate judge.

As to the third argument, there is nothing in the Report and Recommendation indicating that Plaintiff was held to a higher standard than he should have been based on his pro se status. Indeed, the case file reflects that the magistrate judge clearly explained to Plaintiff why he could not simply state that he was "unsure" about his litigation history and what he needed to do to either comply with the requirement that he disclose his litigation history or show that he had made a reasonable, good-faith effort to do so. *See* Doc. 9, at 1-2. Moreover, there was nothing in Plaintiff's responses to the questions in the "prior lawsuits" section of the amended complaint for the magistrate judge to construe liberally based on Plaintiff's pro se status because he simply checked "no" to each question in that section and did not even attempt to describe any of his prior cases.

In sum, for the reasons stated above, I agree with the magistrate judge that dismissal of this case is warranted based on Plaintiff's failure to disclose his litigation history. Accordingy, it is

**ORDERED** that:

1. The magistrate judge's Report and Recommendation is **ADOPTED** and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and §1915A(b)(1).

3. The Clerk shall **CLOSE** the case file.

**DONE and ORDERED** this 23rd day of September, 2019.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**